JAMES D. BOYLE, ESQ. (NBN 08384)
jboyle@nevadafirm.com
JESSICA M. LUJAN (NBN 14913)
jlujan@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308

BRIAN N. PLATT (*pro hac vice* forthcoming)
bplatt@wnlaw.com
COLLIN D. HANSEN (*pro hac vice forthcoming*)
chansen@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Ruby Mountain Heli-Ski Guides, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBY MOUNTAIN HELI-SKI GUIDES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SLEDNV, INC., KYLE WIEBEN, and JASON MURCHISON<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND COPYRIGHT MANAGEMENT INFORMATION VIOLATIONS<br><br>**JURY DEMAND** |

Plaintiff Ruby Mountain Heli-Ski Guides, Inc. ("Plaintiff") hereby complains and alleges as follows against Defendants SledNV, Inc., Kyle Wieben, an individual, and Jason Murchison, an individual (collectively "Defendants").

**INTRODUCTION**

1. This is an action for copyright infringement under 17 U.S.C. § 106 *et seq* and falsification of copyright management information under 17 U.S.C. § 1202 *et seq*.

2. Plaintiff owns exclusive rights in United States Copyright Registration No. VAu001500049 ("Ruby Copyright") by assignment, a true and correct copy of which is attached here as Exhibit A.

3. Defendants have made and used unauthorized copies of Plaintiff's original work which is the subject of the Ruby Copyright.

4. Plaintiff seeks, among other relief, an injunction preventing Defendants from further infringing the Ruby Copyright and from falsifying copyright management information in connection with Plaintiff's original works, and damages including disgorgement of Defendants' profits.

**THE PARTIES**

5. Plaintiff Ruby Mountains Heli-Ski Guides, Inc. is a corporation organized and existing under the laws of the State of Nevada with a principal place of business at 950 Idaho St, Elko, NV, 89801.

6. On information and belief, Defendant SledNV, Inc. is a corporation organized and existing under the laws of the State of Nevada with a registered business at 518 Mountain City Hwy, #7, Elko, NV, 89801 and a business mailing address at P.O. Box 281411, Lamoille, NV 89828.

7. On information and belief, Defendant Kyle Wieben is an individual residing at 3761 Autumn Colors Dr, Elko, NV, 89801.

8. On information and belief, Defendant Jason Murchison is an individual residing at 992 Fairlawn Dr, Spring Creek, NV 89815.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) because this action arises under the copyright laws of the United States, 17 U.S.C. § 106 *et seq*.

10. This Court has personal jurisdiction over Defendant SledNV Inc. at least because SledNV Inc. resides in Nevada, is incorporated in Nevada, has employees in

Nevada, has a principal place of business in Nevada, and has engaged in a substantial portion of the misconduct giving rise to this action from within Nevada.

11. This Court has personal jurisdiction over Defendant Kyle Wieben at least because Mr. Wieben resides in Nevada, owns real property in Nevada including at 1363 Snobowl Rd, Elko, NV 89801, owns a business in Nevada, is the owner, president, secretary, and treasurer of SledNV, Inc. in Nevada, has employees in Nevada, works as a ski and snowmobile guide in Nevada, and has engaged in a substantial portion of the misconduct giving rise to this action from within Nevada.

12. This Court has personal jurisdiction over Defendant Jason Murchison at least because Mr. Murchison resides in Nevada, is an employee of SledNV, Inc. in Nevada, works as a ski and snowmobile guide in Nevada, owns real property in Nevada including a parcel at SEC 32 TWP 33N RGE 58E MDB&M in Elko County and at 992 Fairlawn Dr, Spring Creek, NV 89815, and has engaged in a substantial portion of the misconduct giving rise to this action from within Nevada.

13. On information and belief and as alleged herein, the Defendants conspired together to willfully copy the Seitz Canyon Photograph, to infringe the Ruby Copyright, and to knowingly convey false copyright management information in connection with the intent to conceal that infringement, and are effectively the same entity for purposes of the misconduct alleged herein.

14. Venue is proper in this District pursuant to 28 U.S.C § 1400(a) at least because Defendants reside in this District.

## GENERAL ALLEGATIONS

15. Plaintiff is a small, family-owned company based in Elko, Nevada. For nearly five decades, Plaintiff has led guided helicopter ski tours of the Ruby Mountains in Elko County. Founder Joseph Royer pioneered the guided ski industry in the Ruby Mountains and was the first person to set foot in much of the remote terrain that has developed into a popular destination for expert skiers from around the world.

16. Defendants are a company based in Elko, Nevada. Defendants have been in operation since 2021. Defendants provide guided snowmobile and ski tours of the Ruby Mountains.

17. Plaintiff owns exclusive rights in the Ruby Copyright, No. VAu001500049, the subject of which is a photograph of a skier descending Seitz Canyon in the Ruby Mountains (the "Seitz Canyon Photograph"):



18. On February 22, 2021, Plaintiff conducted a guided helicopter ski tour of Seitz Canyon in the Ruby Mountains. Attending the tour was Defendant Murchison. During the tour, Michael Royer—corporate Director of Plaintiff—took the Seitz Canyon Photograph. Mr. Murchison is not depicted in the photograph.

19. Just a few hours after returning from the guided tour, Mr. Royer uploaded the Seitz Canyon Photograph to Plaintiff's website:




https://helicopterskiing.com/february-22-2021-that-that-was-up-there

20. Mr. Royer also sent the Seitz Canyon Photograph to attendees of the guided tour along with other photographs from the trip. Neither Mr. Royer nor Plaintiff, however, ever gave Defendants a license or other authorization to copy or use the photograph on Defendants' website or for marketing Defendants' business or for any other purpose.

21. On information and belief, on or about November 2022, Defendants began using the Seitz Canyon Photograph as the background to their website (https://slednv.com/) and in other locations without authorization from Plaintiff:



https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1536x2048.jpeg




https://slednv.com/




https://slednv.com/

22. Infringing copies of Plaintiff's Seitz Canyon Photograph are displayed in at least five locations on Defendants' website:

- https://slednv.com/ (x2)
- https://slednv.com/contact-us/
- https://slednv.com/jason/
- https://slednv.com/kyle-wieben/

23. Infringing copies of Plaintiff's Seitz Canyon Photograph are also stored by Defendants in at least 12 locations on publicly accessible servers for https://slednv.com/:

- https://slednv.com/wp-content/uploads/2022/11/IMG_1413.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-scaled.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1536x2048.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1152x1536.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-768x1024.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-225x300.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1-scaled.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1-1536x2048.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1-1152x1536.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1-768x1024.jpeg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1-225x300.jpeg

24. Infringing copies of Plaintiff's Seitz Canyon Photograph are also stored by Defendants in at least 12 locations on publicly accessible servers for https://rgf.657.myftpupload.com/:

- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-scaled.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1536x2048.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1152x1536.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-768x1024.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-225x300.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1-scaled.jpeg

- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1-1536x2048.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1-1152x1536.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1-768x1024.jpeg
- https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1-225x300.jpeg

25. The URLs above reveal that Defendants copied the exact same image file as Plaintiff's original photograph:

- https://helicopterskiing.com/wp-content/uploads/2021/02/IMG_1413-2.jpg
- https://slednv.com/wp-content/uploads/2022/11/IMG_1413.jpeg

26. In addition to directly copying the Seitz Canyon Photograph and infringing the Ruby Copyright, Defendants also knowingly include false copyright management information ("CMI") in connection with the infringing photographs on their website with the intent to induce, enable, facilitate, and/or conceal their infringement:



SLEDNV

Backcountry Ski and Sled Tours

QUICK LINKS

- Home
- About Us
- Services
- Book Now
- Contact Us

GET IN TOUCH

775-502-1964

info@sledNv.com

PO Box 281411 Lamoille, NV 89828

©Copyrights 2022 | SledNV.com | All Rights Reserved

https://slednv.com/

https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg

https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg

27. On April 10, 2023, Mr. Royer arranged an in-person meeting with Mr. Murchison and informed him that Defendants do not have authorization to use Plaintiff's Seitz Canyon Photograph and further requested that Defendants remove it from their website. Mr. Murchison agreed to remove the photograph, but Defendants subsequently refused. *See* Ex. C.

28. On April 12, 2023, Mr. Royer sent a first email to Defendants, again informing them that they do not have authorization to use Plaintiff's Seitz Canyon Photograph and further requesting that they remove it from their website. Defendants refused. *See* Ex. C.

29. On April 14, 2023, Mr. Royer sent a second email to Defendants, again informing them that they do not have authorization to use Plaintiff's Seitz Canyon Photograph and further requesting that they remove it from their website. Defendants refused. *See* Ex. C.

30. On April 26, 2023, Plaintiff sent a first cease-and-desist letter to Defendants, again informing them that they do not have authorization to use Plaintiff's Seitz Canyon Photograph and further requesting that they remove it from their website. *See* Ex. B. Defendants refused.

31. On May 12, 2023, Plaintiff sent a second cease-and-desist letter to Defendants, again informing them that they do not have authorization to use Plaintiff's Seitz Canyon Photograph and further requesting that they remove it from their website. Defendants refused. *See* Ex. C.

32. Plaintiff has repeatedly attempted to resolve Defendants' copyright infringement amicably and without litigation, but Defendants have repeatedly refused. Instead, Defendants purport that they own the Seitz Canyon Photograph by virtue of the fact that Mr. Murchison attended the guided helicopter ski tour on which it was taken—an allegation with no basis in copyright law—and refuse to stop using the photograph unless Plaintiff refunds Mr. Murchison for the cost of the tour. *See* Ex. C.

33. Defendants are using ***Plaintiff's*** photograph (depicting a guided ski tour of the Ruby Mountains) taken as part of ***Plaintiff's*** business (providing guided ski tours of the Ruby Mountains) and using it as the main photograph on their website to promote ***Defendants'*** business (also providing guided ski tours of the Ruby Mountains).

34. Defendants know that they do not have any rights in the Seitz Canyon Photograph and yet continue to use the photograph across their website and other locations. Knowing that they are infringing Plaintiff's exclusive rights in the Seitz Canyon Photograph, Defendants further knowingly provide false CMI in connection with the photograph with the intent to enable, facilitate, and/or conceal the infringement.

35. Defendants' copyright infringement and CMI violations are knowing and willful. Defendants' misconduct as alleged herein has injured Plaintiff. Plaintiff's immediate, irreparable injuries have no adequate remedy at law, and Plaintiff is entitled to injunctive relief and damages, as well as costs and reasonable attorney fees.

## FIRST CLAIM FOR RELIEF

**Copyright Infringement**

**17 U.S.C. § 106 *et seq***

36. Plaintiff incorporates and realleges each of the preceding paragraphs in the

Complaint, as if fully set forth herein.

37. Plaintiff is the owner of the Ruby Mountain Copyright. *See* Ex. A.

38. Defendants have made and used unauthorized copies of Plaintiff's original Seitz Canyon Photograph, which is the subject of the Ruby Mountain Copyright:

| **Plaintiff's Seitz Canyon Photograph** | **Defendants' Infringing Copy** |
| --- | --- |
|   |  |
| https://helicopterskiing.com/wp-content/uploads/2021/02/IMG_1413-2.jpg | https://slednv.com/wp-content/uploads/2022/11/IMG_1413.jpeg |

39. Defendants have produced, reproduced, and/or prepared reproductions of Plaintiff's Seitz Canyon Photograph without Plaintiff's consent. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

40. Defendants' infringement has been undertaken willfully with the intent to financially gain from Plaintiff's copyrighted work and Defendants have willfully infringed Plaintiff's copyrighted work.

41. Because of Defendants' infringing acts, Plaintiff is entitled to its actual

damages and Defendants' profits attributable to the infringement, in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

42. Because of Defendants' willful infringement, Plaintiff is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

43. Defendants' infringement has caused and continues to cause irreparable harm to Plaintiff, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing Plaintiff's protected works, the harm will continue to occur in the future. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Integrity of Copyright Management Information**

**17 U.S.C. § 1202**

44. Plaintiff incorporates and realleges each of the preceding paragraphs in the Complaint, as if fully set forth herein.

45. Plaintiff in the owner of the Ruby Mountain Copyright covering the Seitz Canyon Photograph shown below:



46. In violation of 17 U.S.C. § 1202(a)(1), Defendants knowingly and with the intent to induce, facilitate, and/or conceal its infringement provide false CMI in connection

with each of their infringing copies of the Seitz Canyon Photograph, including false names of the work and false attribution of the work to Defendants through false application of Defendants' names, logos, identifying information, and copyright notice:







https://slednv.com/

https://slednv.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg

https://rgf.657.myftpupload.com/wp-content/uploads/2022/11/IMG_1413-1.jpeg

47. Defendants know that they do not have any rights in the Seitz Canyon Photograph and yet continue to use the photograph across their website and other locations. Knowing that they are infringing Plaintiff's exclusive rights in the Seitz Canyon Photograph, Defendants further knowingly provides false CMI in connection with the

photograph with the intent to enable, facilitate, and/or conceal the infringement.

48. Because of Defendants' violations of 17 U.S.C. § 1202, Plaintiff is entitled to its actual damages and Defendants' profits under 17 U.S.C. § 1203(c)(2), in an amount to be proved at trial, or statutory damages under 17 U.S.C. § 1203(c)(3), together with all other relief allowed under the Copyright Act.

49. Defendants' unlawful acts have caused and continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Unless this Court restrains Defendants from providing false CMI in connection with infringing copies of the Seitz Canyon Photograph, the harm will continue to occur in the future. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that the Court enter judgment in its favor and award the following relief against Defendants:

A. A judgment in favor of Plaintiff that Defendants have infringed the Seitz Canyon Photograph;

B. A judgment in favor of Plaintiff that Defendants' infringement of the Seitz Canyon Photograph has been willful;

C. A judgment in favor of Plaintiff that Plaintiff is entitled to its actual damages and Defendants' profits attributable to the infringement of the Ruby Mountain Copyright, in an amount to be proved at trial;

D. A judgment in favor of Plaintiff that Plaintiff is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2) due to Defendants' willful infringement;

E. An order and judgment enjoining Defendants and Defendants' officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the Ruby Mountain Copyright;

F. A judgment in favor of Plaintiff that Defendants have provided false CMI in violation of 17 U.S.C. § 1202.

G. A judgment in favor of Plaintiff that Plaintiff is entitled to its actual damages and Defendants' profits under 17 U.S.C. § 1203(c)(2), in an amount to be proved at trial, or statutory damages under 17 U.S.C. § 1203(c)(3).

H. A judgment in favor of Plaintiff that Plaintiff is entitled to an award of Plaintiff's reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5).

I. An order and judgment enjoining Defendants and Defendants' officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further violating 17 U.S.C. § 1202;

J. Any other relief the Court deems just and proper under all the circumstances.

**Demand for Trial by Jury**

Plaintiff demands a jury trial on all matters triable to a jury.

DATED July 11, 2023.

Respectfully submitted,

By: /s/ *James. D. Boyle*

JAMES D. BOYLE, ESQ. (NBN 08384)
JESSICA M. LUJAN, ESQ. (NBN 14913)
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

BRIAN N. PLATT, ESQ. (*pro hac vice* forthcoming)
COLLIN D. HANSEN, ESQ. (*pro hac vice forthcoming*)
WORKMAN NYDEGGER PC
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

*Attorneys for Plaintiff Ruby Mountain Heli-Ski Guides, Inc.*